# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* A. B. LYNCH, Minor.

UNPUBLISHED
September 22, 2016

No. 330613
Oakland Circuit Court
Family Division
LC No. 13-815214-NA

Before: BORRELLO, P.J., and MARKEY and RIORDAN, JJ.

PER CURIAM.

Respondent mother appeals by right the trial court's order terminating her parental rights to the minor child pursuant to MCL 712A.19b(3)(c)(*i*), (g), and (j). We affirm.

Respondent argues that the trial court erred in finding that a statutory ground for termination was established by clear and convincing evidence. We disagree.

In an action to terminate parental rights, the petitioner must prove by clear and convincing evidence that at least one statutory ground for termination in MCL 712A.19b(3) exists. MCR 3.977(A)(3) and (H)(3); *In re Trejo*, 462 Mich 341, 356; 612 NW2d 407 (2000). The trial court's decision is reviewed for clear error. MCR 3.977(K); *In re Trejo*, 462 Mich at 356-357. A finding is clearly erroneous when the reviewing court is left with the firm and definite conviction that a mistake was made. *In re JK*, 468 Mich 202, 209-210; 661 NW2d 216 (2003). "[T]his Court accords deference to the special opportunity of the trial court to judge the credibility of the witnesses." *In re Fried*, 266 Mich App 535, 541; 702 NW2d 192 (2005); MCR 2.613(C).

Respondent's parental rights were terminated pursuant to MCL 712A.19b(3)(c)(*i*), (g), and (j), which permit termination under the following circumstances:

(c) The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds either of the following:

(*i*) The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

-1-

\* \* \*

(g) The parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.

\* \* \*

(j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.

Respondent argues that the trial court erred in finding that she failed to rectify the conditions that led to the adjudication because the court's findings in its order of adjudication were erroneous. She argues that the CPS worker gave unreliable testimony because the worker failed to document all of her findings when she investigated the neglect complaint. Respondent specifically complains that the worker failed to document that she had warned respondent that her child could be harmed by exposure to Xanax through breast milk. Respondent also argues that the worker's opinion that respondent was delusional for believing the child's father's kidnapping story was not justified because the father confirmed that he told the story to respondent.

Respondent's attempt to attack the trial court's adjudication findings constitutes an improper collateral attack on the adjudication order. When an adjudicatory hearing is held with respect to the parent challenging the assumption of jurisdiction and termination is not ordered at the initial dispositional hearing, the trial court's exercise of jurisdiction cannot be challenged in an appeal of a subsequent termination order; it can only be challenged by direct appeal from the initial order of disposition. *In re Hatcher,* 443 Mich 426, 444; 505 NW2d 834 (1993); *In re SLH, AJH, & VAH,* 277 Mich App 662, 668-669; 747 NW2d 547 (2008). Accordingly, we reject respondent's attacks on the trial court's order of adjudication.

The evidence presented at the termination hearing was sufficient to prove clearly and convincingly each statutory ground for termination that the trial court found. The court assumed jurisdiction because respondent was mentally unstable and unable to provide consistent care. Respondent failed to benefit from mental health services. Although her case manager, Mark Rogers, gave generally favorable testimony, he also admitted that respondent made excuses to delay her recommended participation in a dialectical behavior therapy program. Respondent was resistant to medication, and although she attributed her resistance to her pseudoscientific belief that medicine is poison, she showed a preference for benzodiazepine, which she had previously abused. Rogers attributed respondent's improved stability to her marriage, but the circumstances of respondent's marriage supported the trial court's inference that the marriage was unstable. Respondent showed no interest in gaining independence through employment. She continued to reside with her sisters, although one abused substances. Although respondent behaved appropriately with the child, she demonstrated immature and erratic behavior through her repeated abusive messages to the caseworker and the child's paternal grandparents. This evidence supported termination under subsection 19b(3)(c)(*i*).

In addition, evidence that respondent failed to progress toward emotional stability and to establish a reliable home and means of supporting the child also supported termination under subsection 19b(3)(g) and (j). Almost two years after the child had been removed from her care, respondent remained unable to provide proper care and custody. Her mental health services caseworker indicated that she would require another year to enable herself to care for the child. The trial court's less optimistic opinion was justified by respondent's continued irrational behavior, including sending a sexually graphic photo to the caseworker while the termination hearing was pending. Evidence that respondent could not provide safe care and that she relied on a marriage of questionable soundness for stability also supported the conclusion that the child was reasonably likely to be harmed if returned to respondent's home.

Respondent also argues that the evidence did not support the trial court's finding that termination of her parental rights was in the child's best interests. Once a statutory ground for termination is established, the trial court shall order termination of parental rights if it finds by a preponderance of the evidence that termination is in the child's best interests. MCL 712A.19b(5); *In re Moss*, 301 Mich App 76, 86, 90; 836 NW2d 182 (2013). The trial court's best-interest decision is also reviewed for clear error. *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014).

A court may consider a variety of factors in considering whether termination of parental rights is in a child's best interests. *Id.*, at 713-714. These factors include the existence of a bond between the child and the parent, the parent's ability to parent, the child's need for permanency and stability, the advantages of a foster home over the parent's home, the parent's compliance with his or her service plan, the parent's visitation history with the child, the child's well-being, and the possibility of adoption. *Id.* A child's placement with relatives is an additional factor for the court to consider, and this factor weighs against termination. *In re Mason*, 486 Mich 142, 164; 782 NW2d 747 (2010); *In re Olive/Metts*, 297 Mich App 35, 43; 823 NW2d 144 (2012).

Respondent argues that there was no urgency to terminate her parental rights because the child was placed with relatives and the child's father was allowed more time to work toward reunification. The trial court considered the child's relative placement, but found that the child's need for permanency outweighed that consideration and favored terminating respondent's parental rights. This finding is supported by evidence that the child was well cared for by her paternal grandparents and strongly bonded to them. Respondent, in contrast, remained unable to provide care. Moreover, respondent's abusive actions toward the paternal grandparents negated any possibility that respondent could cooperate with the grandparents as part of a cohesive family unit were custody to be transferred back to respondent. The child's interests would not be served by maintaining a disruptive and dysfunctional environment. Accordingly, the trial court did not clearly err in finding that termination of respondent's parental rights was in the child's best interests.

We affirm.

/s/ Stephen L. Borrello
/s/ Jane E. Markey
/s/ Michael J. Riordan