*In re* SLH, AJH, AND VAH

Docket No. 276631. Submitted September 6, 2007, at Lansing. Decided January 24, 2008, at 9:10 a.m.

The Clinton County Department of Human Services submitted a petition in the Clinton Circuit Court, Family Division, requesting that the court authorize the petition and take jurisdiction over S.L.H., A.J.H., and V.A.H., the minor daughters of the respondent, Michael Holm, and K.S. The petition alleged that Holm committed acts of sexual abuse of S.L.H. and A.J.H., and had committed other crimes that did not involve child abuse. The petition did not request the removal of the children or Holm from the home or the termination of the parental rights of either Holm or K.S., the mother. The court, Lisa Sullivan, J., held a preliminary hearing at which Holm waived the determination of probable cause. On the basis of that waiver, the court authorized the filing of the petition and scheduled a pretrial hearing. At the pretrial hearing, the court accepted from the mother a plea of admission in which she admitted the allegations contained in the first paragraph of the petition. That paragraph alleged that the mother awoke in the middle of the night and found Holm having sex with A.J.H. and that Holm admitted to the mother that he had been having sex with A.J.H. The petition alleged no wrongdoing, whether by act or omission, by the mother. The court orally found that the children came within the jurisdiction of the court, scheduled a dispositional hearing, and indicated that, at that hearing, it would consider a request to terminate Holm's parental rights. The court entered an Order after Preliminary Hearing, determining that there was probable cause to believe that one or more of the allegations in the petition were true. Following testimony by the mother and A.J.H. at the dispositional hearing regarding the sexual abuse of A.J.H., the court found grounds to terminate Holm's parental rights and that such termination was not contrary to A.J.H.'s best interest. The court made no findings regarding terminating Holm's parental rights to S.L.H. and V.A.H. The court thereafter entered an Order of Disposition and an Order Terminating Parental Rights, both of which recited that an "adjudication was held and the child(ren) was/were found to come within the jurisdiction of the court." The Order of Disposition placed the children in the

temporary custody of the court and released them to their mother pending a dispositional review hearing. The order included a reference to Holm's parental rights to his children having been terminated at the initial dispositional hearing. Holm appealed from the Order of Disposition and the Order Terminating Parental Rights.

The Court of Appeals *held*:

1. The mother's purported plea was invalid because, while she was a "party" to the proceedings, she was not a "respondent" who was alleged to have committed an offense against a child. Only a respondent may enter a plea.

2. The trial court never obtained jurisdiction over the children pursuant to MCL 712A.2(b) because no trial was held, Holm entered no plea, and the mother's plea was invalid. The orders appealed from are invalid and must be vacated and the matter must be reversed and remanded for further proceedings.

3. Even if the petition had contained an allegation to which the mother could have pleaded, the plea the court took from her was fatally defective because the trial court failed to advise her of her rights as provided in MCR 3.971(B).

4. No petition or amended petition requested termination of parental rights. The trial court's findings regarding the statutory grounds for termination concerned only A.J.H. Therefore, the order terminating parental rights with regard to S.L.H. and V.A.H. must be set aside because the court did not make the necessary findings.

Orders vacated; reversed and remanded for further proceedings.

*Barbara B. Herdus* for Michael Holm.

Before: BANDSTRA, P.J., and ZAHRA and OWENS, JJ.

OWENS, J. Respondent Michael Holm appeals as of right the February 12, 2007, orders taking jurisdiction over his daughters, minors S.L.H., A.J.H., and V.A.H. Although we recognize the heinous nature of the acts respondent allegedly committed against his daughters, the trial court proceedings were so replete with error that we are compelled to vacate the court's orders and

reverse and remand for further proceedings consistent with this opinion.[1]

The Clinton County Department of Human Services (DHS) submitted a petition to the trial court on October 24, 2006, alleging that S.L., A.J., and V.A., the children of Michael Holm and K.S., came within the jurisdiction of the Family Division of the Clinton County Circuit Court because of respondent's sexual abuse of S.L. and A.J. and criminality by respondent that did not involve child abuse. The DHS requested that the trial court authorize the petition and take jurisdiction over the children, but the petition did not include a request to remove the children or the respondent from the home or a request to terminate the parental rights of either the mother or respondent.

The petition contained four paragraphs. The first paragraph alleged: "That on or about 10/15/06, Respondent Mother woke up in the middle of the night and found Respondent Father having sex with [A.J.]. Respondent Father admitted to Respondent Mother that he had been having sex with [A.J.]."

The second paragraph alleged a history of sexual abuse of A.J. by respondent. The third paragraph alleged a history of sexual abuse of S.L. by respondent. The fourth paragraph alleged that respondent had a criminal history, including two convictions of larceny in a building.

On October 25, 2006, the trial court held a preliminary hearing. The mother was present and respondent (who was in jail awaiting trial on charges of criminal sexual conduct) participated using two-way video equip-

---

[1] Although this case, involving allegations of abhorrent conduct by the respondent, presents a substantial jurisdictional question, neither petitioner Clinton County Department of Human Services nor the lawyer-guardian ad litem for the minor children filed a brief on appeal.

ment. The mother and respondent waived the reading of the petition, an attorney was appointed to represent respondent and a lawyer-guardian ad litem was appointed to represent the children.[2] The children were ordered to remain with their mother, the court noted that "at this point there is not a request to terminate parental rights," and the preliminary hearing was adjourned until October 30, 2006. At the adjourned preliminary hearing, respondent, who was present and represented by counsel, waived the probable-cause determination. On the basis of that waiver, the court authorized the filing of the petition and set the matter for a pretrial hearing on January 18, 2007.[3]

At the pretrial hearing, respondent, accompanied by counsel, and the mother, unrepresented by counsel, were present in the courtroom. The court accepted a plea from the mother in which she admitted the allegations in the first paragraph of the petition. Respondent challenged the court's acceptance of her plea, claiming that because no allegations were made against her, she was effectively testifying against respondent rather than entering a plea on her own behalf. However, the court stated that "there's a suggestion there was a failure to protect this child from inappropriate behavior from her father, it was something she witnessed, and an admission he made to her which is allowable." The

---

[2] The lawyer-guardian ad litem appointed to represent the children erroneously filed his appearance on behalf of the "above-named Respondents," referring to the three minor children. The children, of course, are not respondents. The only respondent is the father, Michael Holm. MCR 3.903(C)(10).

[3] The order following the preliminary hearing incorrectly stated that "the probable cause determination was waived by all parties present." The mother, who was present but unrepresented by counsel, did not, and was not asked to, waive the probable-cause determination. Her waiver of the probable-cause determination was not required, however, because there were no allegations in the petition against her.

court then accepted her plea and orally found that the children came within its jurisdiction. The court set the matter for a dispositional hearing on February 8, 2007, and indicated that at that hearing it would consider, among other matters, a request to terminate respondent's parental rights.[4]

Rather than issue an Order of Adjudication[5] following the mother's plea, the court entered an Order after Preliminary Hearing,[6] finding that there was probable cause to believe that one or more of the allegations in the petition were true and that reasonable efforts were made to prevent removal of the children from the home. In apparent support of the finding of reasonable efforts, the order stated, "Those efforts include: Respondent Mother admitted allegation #1."

At the February 8, 2007, dispositional hearing, the court considered termination of respondent's parental rights. Because the court believed that it had jurisdiction solely on the basis of the mother's purported plea, it recognized that legally admissible evidence would have to be used to establish a statutory ground to terminate respondent's parental rights. MCR 3.977(E).

At the hearing, the mother testified that one night, as she passed her daughter's bedroom on the way to the bathroom, she noticed respondent kneeling beside their daughter, A.J., who was lying on the floor with a blanket wrapped around her. The mother testified that, after she confronted respondent, he admitted that he was "having sex with his own daughter." On cross-examination, the mother testified that before the inci-

---

[4] The original petition did not contain a request to terminate respondent's parental rights, nor is there an amended petition containing such a request in the trial court record.

[5] SCAO form JC 49.

[6] SCAO form JC 11a.

dent, she was unaware of any inappropriate behavior between her daughters and respondent, and that after discussing his conduct with him, she drove him to his parents' house to get him away from the girls.[7] She further testified that after the night she made this discovery, she never allowed respondent to have any contact with their daughters. A.J. testified that she had been sexually abused the night of her mother's discovery. She also stated that it had happened to her before, starting in the fifth grade. A.J. testified that she had never told anyone about the abuse, including her mother.

The court found, on the basis of the testimony of the mother and A.J., grounds to terminate respondent's parental rights under MCL 712A.19b(3)(b)(*i*). The court also concluded that it was not clearly contrary to A.J.'s best interest to terminate respondent's parental rights. The court made no findings regarding the termination of respondent's parental rights to S.L. and V.A.

The court entered an Order of Disposition[8] and an Order Terminating Parental Rights[9] on February 12, 2007, both of which recited that "an adjudication was held and the child(ren) was/were found to come within the jurisdiction of the court." The Order of Disposition placed the children in the temporary custody of the court and released them to their mother pending a dispositional review hearing. The Order of Disposition also included a reference to respondent's parental rights to his children having been terminated at the

---

[7] The mother admitted that she was aware that respondent had an alcohol problem and that there was pornography on his computer. Neither of these issues was alleged in the petition.

[8] SCAO form JC 17.

[9] SCAO form JC 63.

initial dispositional hearing.[10] Respondent now appeals the Order of Disposition and the contemporaneous Order Terminating Parental Rights, both of which contain the first appealable finding of adjudication that the children came within the jurisdiction of the court.

In his appeal, respondent argues that the trial court erred in taking jurisdiction over the minor children solely on the basis of the plea of the mother, in which the mother admitted no neglectful or abusive conduct on her part, but merely testified regarding the allegations against respondent. Respondent further argues that if the finding of jurisdiction is reversed, the subsequent order terminating his parental rights must necessarily be vacated. We agree.

Ordinarily, an adjudication cannot be collaterally attacked following an order terminating parental rights.[11] That is true, however, only when a termination occurs following the filing of a supplemental petition for termination after the issuance of the initial dispositional order. If termination occurs at the initial disposition as a result of a request for termination contained in the original, or amended, petition for jurisdiction, then an attack on the adjudication is direct and not collateral, as long as the appeal is from an initial order of disposition[12] containing both a finding that an adju-

---

[10] In the Order Terminating Parental Rights entered on February 12, 2007, the court terminated respondent's parental rights to all three children, notwithstanding that no findings were made regarding two of the children.

[11] "Matters affecting the court's exercise of its jurisdiction may be challenged only on direct appeal of the jurisdictional decision, not by collateral attack in a subsequent appeal of an order terminating parental rights." *In re Gazella*, 264 Mich App 668, 679-680; 692 NW2d 708 (2005).

[12] An initial order of disposition (an order resulting from the initial dispositional hearing) may be an Order of Disposition (if neither parent's rights are terminated), an Order Terminating Parental Rights (if all

dication was held and a finding that the children came within the jurisdiction of the court.[13]

In order to find that a child comes within the court's jurisdiction, at least one statutory ground for jurisdiction contained in MCL 712A.2(b) must be proven, either at trial or by plea. The court obtains jurisdiction as a result of a plea if a respondent makes a plea of admission or of no contest to the original allegations in the petition or to the allegations in an amended petition.[14] "Except as provided in MCR 3.977(B) [proceedings in the dispositional phase to terminate parental rights], 'respondent' means the parent, guardian, legal custodian, or nonparent adult who is alleged to have committed an offense against a child."[15] An " '[o]ffense against a child' means an act or omission by a parent, guardian, nonparent adult, or legal custodian asserted as grounds for bringing the child within the jurisdiction of the court pursuant to the Juvenile Code."[16]

In this case, no trial was held, nor did respondent offer a plea. However, the children's mother offered a

---

parental rights are terminated), or both (if one parent's rights are terminated and the other parent's rights are not terminated, as in this case).

[13] Some, but not all, courts issue an Order of Adjudication following the plea or a trial at which jurisdiction was found. Other courts, however, do not issue an Order of Adjudication but only an order of disposition that includes the statement that "[a]n adjudication was held and the child(ren) was/were found to come within the jurisdiction of the court." MCR 3.993(B) provides that an Order of Adjudication may only be appealed by leave granted, whereas an initial order of disposition is the first order appealable as of right. Accordingly, because an initial order of disposition is the first order appealable as of right, an appeal of the adjudication following the issuance of an initial dispositional order is not a collateral attack on the initial adjudication, but a direct appeal, notwithstanding that a termination of parental rights may have occurred at the initial dispositional hearing.

[14] MCR 3.971(A).

[15] MCR 3.903(C)(10).

[16] MCR 3.903(C)(7).

plea admitting the first paragraph of the petition, which the court accepted and found sufficient to establish jurisdiction. Respondent asserts that the court could not take a plea from the mother because there were no allegations in the petition to which she could plead. Stated differently, respondent notes that the petition makes no allegations that the mother had committed an act or omission that would bring the children within the jurisdiction of the court pursuant to MCL 712A.2(b). We agree.

The first paragraph of the petition provided: "That on or about 10/15/06, Respondent Mother woke up in the middle of the night and found Respondent Father having sex with [A.J.]. Respondent Father admitted to Respondent Mother that he had been having sex with [A.J.]." This paragraph alleges no wrongdoing, whether by act or omission, by the mother toward A.J. The petition alleges that the mother found respondent having sex with A.J. and that he admitted to her that he had been having sex with A.J. The petition does not allege that the mother permitted, or failed to prevent, the alleged sexual abuse from occurring. Therefore, although the mother was a "party" to the proceeding,[17] by definition, she was not a respondent. Because only a respondent may enter a plea[18] and the mother was not a respondent,[19] she could not enter a plea.

Following the mother's plea, the judge stated:

"Well, as to whether I can take jurisdiction of the children based on that one admission by respondent mother, I do believe and find that I can. And it is against

___

[17] MCR 3.903(A)(18)(b).

[18] MCR 3.971(A).

[19] MCR 3.903(C)(10).

her interest to some extent because she had—there's a—there's a suggestion there was a failure to protect this child from inappropriate behavior from her father, it was something she witnessed, and an admission he made to her which is allowable. So I do find I have jurisdiction of the children based on that admission and will take jurisdiction of the children."

At trial, the mother certainly could testify regarding what she witnessed and the alleged admission by respondent, but these could not be the basis for a plea, because they involve no wrongdoing by her. Although the failure of one parent to protect a child from abuse or neglect by the other parent can be grounds for taking jurisdiction over the child, in this case the petition did not allege that the mother failed to protect her daughters, and the court's belief that "there's a suggestion there was a failure to protect this child from inappropriate behavior from her father" is insufficient to serve as an allegation against the mother if it is not contained in the petition. Only allegations contained in the original, or amended, petition can be the basis for jurisdiction. The mother never admitted that she failed to protect her children in any way; to the contrary, the evidence indicates that she protected the children by immediately removing respondent from the home and by not letting the children have further contact with him.

Because no trial was held, respondent entered no plea, and the mother's purported plea was invalid, the court never obtained jurisdiction over the children pursuant to MCL 712A.2(b). As a result, the February 12, 2007, Order of Disposition and Order Terminating Parental Rights are likewise invalid, because they recite, as the basis for the dispositional orders contained therein, that "[a]n adjudication was held and the chil-

d(ren) was/were found to come within the jurisdiction of the court."

Even if the petition had contained an allegation to which the mother could have pleaded, the plea the court took from her was fatally defective. MCR 3.971(B) provides that, in order to take a valid plea of admission or no contest, the court must advise the respondent:

(1) of the allegations in the petition;

(2) of the right to an attorney, if respondent is without an attorney;

(3) that, if the court accepts the plea, the respondent will give up the rights to

(a) trial by a judge or trial by a jury,

(b) have the petitioner prove the allegations in the petition by a preponderance of the evidence,

(c) have witnesses against the respondent appear and testify under oath at the trial,

(d) cross-examine witnesses, and

(e) have the court subpoena any witnesses the respondent believes could give testimony in the respondent's favor;

(4) of the consequences of the plea, including that the plea can later be used as evidence in a proceeding to terminate parental rights if the respondent is a parent.

In this case, the court failed to advise the mother that she had the right to an attorney. The court also failed to advise the mother that if the court accepted her plea, she would give up the following rights: (1) the right to trial by a jury; (2) the right to have the petitioner prove the allegations in the petition by a preponderance of the evidence; (3) the right to have witnesses against the respondent appear and testify under oath at the trial; (4) the right to cross-examine witnesses; and (5) the

right to have the court subpoena any witnesses the respondent believes could give testimony in the respondent's favor. The court further failed to advise the mother regarding the consequences of her plea, including that the plea could later be used as evidence in a proceeding to terminate her parental rights.

MCR 3.971(C) provides:

(1) *Voluntary plea.* The court shall not accept a plea of admission or of no contest without satisfying itself that the plea is knowingly, understandingly, and voluntarily made.

·   (2) *Accurate Plea.* The court shall not accept a plea of admission or of no contest without establishing support for a finding that one or more of the statutory grounds alleged in the petition are true, preferably by questioning the respondent unless the offer is to plead no contest. If the plea is no contest, the court shall not question the respondent, but, by some other means, shall obtain support for a finding that one or more of the statutory grounds alleged in the petition are true. The court shall state why a plea of no contest is appropriate.

Here, the court failed to establish support for a finding that one or more of the statutory grounds alleged in the petition were true. The court merely read the first paragraph of the petition and asked the mother, "do you admit that allegation?" to which the mother replied "yes, I do." This exchange was clearly insufficient to establish a factual basis for the plea.

Respondent asserts that the order terminating his parental rights must be vacated if this Court sets aside the adjudication. We agree. First, MCR 3.977(E) provides, in pertinent part, that the necessary prerequisites for a court to consider termination of a respondent's parental rights at the initial dispositional hearing are "(1) the original, or amended, petition contains a request for termination; [and] (2) at the trial or plea proceedings, the trier of fact finds by a prepon-

derance of the evidence that one or more of the grounds for assumption of jurisdiction over the child under MCL 712A.2(b) have been established." In this case, the trier of fact could not find by a preponderance of the evidence that one or more of the grounds for the assumption of jurisdiction over the child had been established by the mother's plea, because the plea was invalid. Because the adjudication was invalid, the dispositional orders, including the order terminating respondent's parental rights, are invalid.

In addition, a thorough examination of the trial court record reveals that neither the original nor any amended petition contained a request for termination, notwithstanding that the judge and the prosecutor asserted otherwise. Absent such a written request, the February 12, 2007, order terminating respondent's parental rights to his three daughters must be set aside. Further, the court's findings at the initial dispositional hearing regarding the statutory grounds for termination under MCL 712A.19b(3) and whether termination was clearly not in the child's best interest only concerned A.J. However, in its February 12, 2007, order, the court terminated respondent's parental rights to all three children. The court may terminate parental rights to a child only if at least one statutory ground is proven and there is not clear and convincing evidence that termination is not in the best interest of the child. Because the court did not make the necessary findings concerning S.L. and V.A., the order terminating respondent's parental rights to S.L. and V.A. must be set aside.

The February 12, 2007, order of disposition finding that the children come within the jurisdiction of the court and the February 12, 2007, order finding that the children come within the jurisdiction of the court and terminating respondent's parental rights to his three

children are vacated. We reverse and remand for proceedings consistent with this opinion.[20] We do not retain
jurisdiction.

---

[20] We note from a review of the Michigan Department of Corrections'
Offender Tracking Information System that respondent was subsequently convicted by a jury of two counts of first-degree criminal sexual
conduct and sentenced to 30 to 60 years' imprisonment. Ordinarily in
such a case, a respondent's certificate of conviction would, at trial, be
sufficient to establish the statutory grounds for jurisdiction and, if
termination at the initial disposition were requested in the original, or
amended, petition, would be sufficient to establish the statutory grounds
for termination of the respondent's parental rights.