# Court of Appeals, State of Michigan

## ORDER

IN RE D LAVICTOR-HYDE MINOR

Docket No.    321390

LC No.        09-013851-NA

Stephen L. Borrello
Presiding Judge

Deborah A. Servitto

Douglas B. Shapiro
Judges

The Court orders that the November 18, 2014 opinion is hereby VACATED, and a new opinion is attached.

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

MAR 05 2015
_____
Date

_____
Chief Clerk

In the Matter of D. LAVICTOR-HYDE, Minor.

UNPUBLISHED
March 5, 2015

No. 321390
Chippewa Circuit Court
Family Division
LC No. 09-013851-NA

AFTER REMAND

Before: BORRELLO, P.J., and SERVITTO and SHAPIRO, JJ.

PER CURIAM.

Respondent-father initially appealed as of right from the trial court's order terminating his parental rights to his child[1] pursuant to MCL 712A.19b(3)(c)(*ii*) (other conditions exist that cause the child to come within the court's jurisdiction), (3)(g) (failure to provide proper care or custody), and (3)(j) (reasonable likelihood of harm). We previously affirmed in part the ruling of the trial court and sent the matter back to the trial court to conduct a *Ginther*[2] hearing. However, between the time of the trial court conducting the *Ginther* hearing and this Court receiving the documentation from the trial court, this Court amended its decision in *In Re Kanjia*, ____ Mich App ___; ___NW2d ___ (Docket No. 320055, issued December 30, 2014), giving retroactive effect to our Supreme Court's decision in *In re Sanders*, 495 Mich 394; 852 NW2d 524 (2014). Because we find the trial court never adjudicated respondent unfit, we vacate our prior opinion in this case, reverse the trial court's termination of respondent's parental rights, and remand the matter to the trial court for further proceedings consistent with this opinion.

## I.    ONE PARENT DOCTRINE.

At the August 12, 2011 adjudication hearing, the mother pleaded to the allegations in the petition. Respondent-father simply pleaded to the allegation that he was in jail at the time of the petition. The trial court found that it had jurisdiction over the minor because the lack of supervision constituted neglect. On August 16, 2011, the trial court entered its order of

---

[1] The court also terminated the parental rights of the child's mother, but she has not appealed that decision.

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

adjudication which identified the mother "respondent" and the father as "non-respondent father." It was proper for the trial court to identify the father as "non-respondent father" because the petition made no allegations that he had committed an act or omission against a child. See *In re SLH*, 277 Mich App 662, 670; 747 NW2d 547 (2008). MCR 3.903(C)(10) provides: "Except as provided in MCR 3.977(B), 'respondent' means the parent, guardian, legal custodian, or nonparent adult *who is alleged to have committed an offense against a child*." MCR 3.903(C)(10) (emphasis added). Accordingly, the trial court took jurisdiction over the minor child under the "one parent doctrine" based on the admissions of the minor child's mother. However, our Supreme Court specifically rejected the "one-parent doctrine" and held that a parent's due process rights require that the parent receive a specific adjudication of the parent's unfitness before the state may move to terminate the parent's rights. *In re Sanders*, 495 Mich 394, 416-419; 852 NW2d 524 (2014). Recently, this Court held that our Supreme Court's opinion in *Sanders* be given full retroactive effect to all cases pending on direct appeal at the time *Sanders* was decided. *In Re Kanjia*, ____ Mich App ___; ___NW2d ___ (Docket No. 320055, issued December 30, 2014); slip op at 17. Because this case was pending on direct appeal at the time *Sanders* was decided, we vacate the trial court's order terminating respondent's parental rights and our prior opinion in this case, and remand for further proceedings consistent with this opinion. *Sanders*, 495 Mich at 419; *Kanjia*, slip op at 17. We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ Deborah A. Servitto
/s/ Douglas B. Shapiro