# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* PORTER, Minor.

UNPUBLISHED
October 11, 2016

No. 332533
Kent Circuit Court
Family Division
LC No. 13-052948-NA

Before: SHAPIRO, P.J., and HOEKSTRA and SERVITTO, JJ.

PER CURIAM.

Respondent appeals as of right the trial court order terminating his parental rights to the minor child under MCL 712A.19b(3)(c)(*i*), (c)(*ii*), (g), and (j). Because respondent received an adjudication before the trial court's exercise of dispositional authority and respondent has not shown plain error affecting his substantial rights in relation to the emergency removal hearing, we affirm.

On appeal, respondent does not challenge the trial court's findings regarding the statutory grounds for termination and the child's best interests. Instead, respondent contends that the trial court's termination decision was erroneous in light of two purported due process violations during the child protective proceedings. First, respondent argues that the allegations in the petition relating to him did not provide a basis for the trial court's exercise of jurisdiction, such that the trial court failed to adjudicate him as unfit parent as required by *In re Sanders*, 495 Mich 394; 852 NW2d 524 (2014). Second, respondent also argues that he was denied due process when the trial court failed to hold an emergency hearing under MCR 3.974(B)(3) on the record on January 8, 2015. These arguments are without merit.

In particular, respondent's reliance on *In re Sanders* is misplaced for the simple reason that he was adjudicated by the trial court. Briefly stated, the *Sanders* Court abolished the one-parent doctrine, which previously allowed a court to exercise dispositional authority over both parents based on the adjudication of only one parent. *Id.* at 408, 422. The Court held that "due process requires that every parent receive an adjudication hearing before the state can interfere with his or her parental rights." *Id.* at 415. Consequently, "[w]hen the state is concerned that *neither* parent should be entrusted with the care and custody of their children, the state has the authority—and the responsibility—to protect the children's safety and well-being by seeking an adjudication against *both* parents." *Id.* at 421-422. As explained in *Sanders*, during the adjudicative phrase:

-1-

> The respondent parent can either admit the allegations in the petition or plead no contest to them. MCR 3.971. Alternatively, the respondent may demand a trial (i.e., an adjudication) and contest the merits of the petition. MCR 3.972. If a trial is held, the respondent is entitled to a jury, MCR 3.911(A), the rules of evidence generally apply, MCR 3.972(C), and the petitioner has the burden of proving by a preponderance of the evidence one or more of the statutory grounds for jurisdiction alleged in the petition, MCR 3.972(E). When the petition contains allegations of abuse or neglect against a parent, MCL 712A.2(b)(1), and those allegations are proved by a plea or at the trial, the adjudicated parent is unfit. [*In re Sanders*, 495 Mich at 405.]

In this case, although the child's mother was also a respondent and the initial proceedings focused largely on the mother, respondent did receive an adjudication. The petition included allegations relating to respondent, and respondent received notice of the adjudication hearing. He was present at the hearing and represented by counsel. Moreover, respondent was advised of his rights, including his right to a jury trial, and he was advised of the consequences of a plea, including the fact that failing to cooperate with services or the treatment plan could result in termination of his parental rights. Respondent indicated that he understood his rights and the consequences of the plea, and he admitted to the allegations in the petition relating to him. The adjudication order specifically identified respondent as a "respondent" and indicated that his plea of admission was knowingly, understandingly, and voluntarily made. In sum, respondent was afforded an adjudicative hearing, and he was an adjudicated respondent following his plea of admission. See *id.*

Given that respondent received an adjudication hearing regarding his parental fitness, his challenge on appeal does not implicate *Sanders* or the one-parent doctrine. Instead, in actuality, respondent seeks to challenge the trial court's exercise of jurisdiction insofar as respondent now maintains that the allegations in the petition relating to respondent were not sufficient, even if admitted by respondent, to allow the trial court to declare respondent unfit. However, this argument constitutes an impermissible collateral attack on the adjudication which we will not consider incident to an appeal from an order terminating respondent's parental rights. That is, "[m]atters affecting the court's exercise of its jurisdiction may be challenged only on direct appeal of the jurisdictional decision[.]" *In re Kanjia*, 308 Mich App 660, 667; 866 NW2d 862 (2014) (citation omitted). Thus, "when a termination occurs following the filing of a supplemental petition for termination after the issuance of the initial dispositional order," "an adjudication cannot be collaterally attacked following an order terminating parental rights." *In re SLH*, 277 Mich App 662, 668; 747 NW2d 547 (2008). Here, respondent received an adjudication, he failed to directly appeal the trial court's exercise of jurisdiction following the adjudication, and termination of his parental rights occurred after the initial dispositional order was issued and pursuant to a supplemental petition. Therefore, respondent cannot collaterally attack jurisdiction during his appeal of the order terminating his parental rights.[1] *Id.*

---

[1] We note that respondent cites *In re Kanjia* for the proposition that he is not bound by the general prohibition on collaterally attacking jurisdiction. In *In re Kanjia*, this Court held "that

Next, respondent also argues that his due process rights were violated when the trial court failed to hold the January 8, 2015 emergency removal hearing under MCR 3.974(B)(3) on the record. At the outset, we note that this argument was not raised in the trial court. Consequently, respondent's challenge to the January 8, 2015 hearing is unpreserved and reviewed for plain error affecting respondent's substantial rights. *In re VanDalen*, 293 Mich App 120, 135; 809 NW2d 412 (2011). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) the error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Id.* (citation omitted).

Applying a plain error standard, respondent has not established that he is entitled to relief. The child was removed from respondent's care on January 7, 2015, following an instance of domestic violence between respondent and the child's mother. On January 8, 2015, within 24 hours of the child's removal, the trial court held a hearing pursuant to MCR 3.974(B)(3).[2] Respondent now contends that the hearing should have been "on the record," but he provides no authority for this position; and, even if the hearing should have been held on the record, respondent fails to explain how an "on the record" hearing would have affected the outcome of the proceedings. As required by MCR 3.974(B)(2), by his own admission, respondent received notice of the hearing and he was represented by counsel. See also MCR 3.920(D)(2)(b). However, respondent slept through the hearing and failed to appear. He offers no reason to support that the trial court's decision to place the child out of the home was erroneous. Moreover, as required by MCR 3.974(B)(3)(C), the trial court held a dispositional review hearing within 14 days of the emergency removal hearing to afford respondent an opportunity to contest the child's placement out of the home. The evidence on the record at the dispositional hearing—including evidence of respondent's anger management issues as well as evidence that respondent had not provided proper care for the child—established that out-of-home placement was necessary for the child's health and well-being. See generally MCR 3.965(C)(2). On this record, respondent has not shown plain error affecting his substantial rights and any purported due process violation relating to the January 8, 2015 hearing does not entitle him to relief from the trial court's order terminating his parental rights.

---

the general rule prohibiting a respondent from collaterally attacking a trial court adjudication on direct appeal from a termination order does not apply to cases in which a respondent raises a *Sanders* challenge to the adjudication." *In re Kanjia*, 308 Mich App at 670–671. However, as we have explained, this case does not involve a *Sanders* challenge because respondent received an adjudication at which he appeared to enter a plea and was represented by counsel. Cf. *In re Collier*, __ Mich App __, __; __ NW2d __ (2016) (Docket No. 328172); slip op, 8-9 & n 10 (allowing collateral attack of an adjudication when, unlike in the present case, the court entered a "default" against a respondent who did not appear for the adjudication and who did not have counsel at the adjudication thereby "effectively depriving respondent of an adjudication"). As a named respondent represented by counsel at the adjudication, respondent could have appealed the trial court's exercise of jurisdiction and thus the exception to the collateral attack rule set forth in *In re Kanjia* does not apply. See *id.*; *In re Kanjia*, 308 Mich App at 670; see also *In re Sanders*, 495 Mich at 419.

[2] MCR 3.974 was amended in May 2015. The version in effect in January of 2015 was MCR 3.974(B), as amended June 5, 2013.

Affirmed.

/s/ Douglas B. Shapiro
/s/ Joel P. Hoekstra
/s/ Deborah A. Servitto