*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* B. HADD, Minor.

UNPUBLISHED
October 17, 2019

No. 337097
Bay Circuit Court
Family Division
LC No. 14-011751-NA

ON REMAND

Before: METER, P.J., and K. F. KELLY and O'BRIEN, JJ.

PER CURIAM.

This case returns to this Court on remand from our Supreme Court[1] for reconsideration in light of *In re Ferranti*, ___ Mich ___; ___NW2d ___ (2019) (Docket No. 157907). We now vacate the trial court's order of adjudication with regard to respondent-father and remand to the trial court for further proceedings.

## I. BACKGROUND

The child at issue in this case, BH, was born to respondent-father and respondent-mother in September 2014. At BH's birth, respondent-mother tested positive for THC. Indeed, respondent-mother's rights to two other children had been previously terminated after both children tested positive for THC at birth and neither respondent-mother nor respondent-father benefitted from the services petitioner offered to them. Respondent-father, who was the father of one of these two older children, relinquished his parental rights to that child. As a result of respondent-mother's most-recent positive test—as well as respondent-father's refusal to participate in a drug screen and a home visit that revealed a strong odor of marijuana in the family home—petitioner moved the trial court to assume jurisdiction over BH.

---

[1] *In re Hadd*, 931 NW2d 628 (Mich, 2019).

Both respondents entered pleas at the adjudication phase. Respondent-father admitted paternity of BH, admitted that he previously relinquished his rights to an elder child, and admitted that BH tested positive for marijuana at birth. He pleaded no contest to allegations that respondent-mother tested positive for THC and that the family home smelled like marijuana. Respondent-father also admitted that he refused a drug screen and that he would have tested positive for marijuana had he participated in the screen and acknowledged that he was not currently participating in services. The trial court accepted pleas by both respondents and assumed jurisdiction. The trial court stated that it would base its decision to exercise jurisdiction on neglect and substance abuse, and respondents' prior inability to care for children as shown by the prior terminations of their parental rights.

BH initially remained with respondents, but was removed from their care in January 2015 because respondents were still using marijuana in the family home. At the time of her removal, BH was underweight and had missed several medical appointments. Petitioner continued to provide respondents with services, but respondents failed to benefit from those services, particularly with regard to their marijuana use. Eventually, the trial court terminated both respondent's parental rights to BH under MCL 712A.19b(3)(c)(*i*), (c)(*ii*), (g), (j), and (l).

Both respondents appealed the termination and this Court affirmed the trial court in a consolidated opinion. *In re Hadd*, unpublished per curiam opinion of the Court of Appeals, issued September 12, 2017 (Docket Nos. 337095 and 337097). As relevant to this remand, we declined to address respondent-father's challenge to the adjudication in our prior opinion, concluding that *In re Hatcher*, 443 Mich 426, 439; 505 NW2d 834 (1993), precluded respondent-father from collaterally attacking the adjudication after termination. Specifically, this Court reasoned:

> Respondent-father argues that the trial court violated MCR 3.971(B)(4) by failing to advise him at the time of his plea that the plea could be used as evidence in a later proceeding to terminate his parental rights. Respondent-father acknowledges that he failed to preserve this issue by challenging the validity of his plea in the trial court. This Court generally reviews unpreserved issues for plain error affecting substantial rights. *In re TK*, 306 Mich App 698, 703; 859 NW2d 208 (2014). In this case, however, we conclude that appellate review of the issue is foreclosed because respondent-father is not permitted to collaterally attack the trial court's exercise of jurisdiction following the termination of his parental rights pursuant to a supplemental petition.
>
> Absent certain exceptions, a trial court's exercise of jurisdiction over a child must be challenged in a direct appeal from the initial dispositional order. See MCR 3.993(A)(1). The court's jurisdictional decision cannot be collaterally attacked when "termination occurs following the filing of a supplemental petition for termination after the issuance of the initial dispositional order." *In re SLH*, 277 Mich App 662, 668; 747 NW2d 547 (2008); see also *In re Hatcher*, 443 Mich 426, 439; 505 NW2d 834 (1993), and *In re Kanjia*, 308 Mich App 660, 667; 866 NW2d 862 (2014). [*In re Hadd*, unpub op at 7 (Docket Nos. 337095 and 337097).]

Respondent-mother did not seek leave to appeal this Court's opinion to our Supreme Court. Respondent-father, did, however, seek leave to appeal in our Supreme Court. Our Supreme Court held the application in abeyance[2] pending a decision in *In re Ferranti*, ___ Mich ___; ___NW2d ___ (2019) (Docket No. 157907), which it released on June 12, 2019.

In *Ferranti*, our Supreme Court revisited *Hatcher* and its progeny, ultimately concluding that *Hatcher* was wrongly decided such that that it was "time to disavow it." *Id*. at ___; slip op at 22. Our Supreme Court noted that child-protective proceedings are a single, continuous proceeding and that the collateral-bar rule "generally prohibits a litigant from indirectly attacking a prior judgment in a later, *separate* action." *Id*. at ___; slip op at 16. The "obvious" mistake in *Hatcher*, our Supreme Court majority concluded, was applying the collateral-bar rule within the same proceeding, instead of between separate proceedings. *Id*. Accordingly, following *Ferranti*, the collateral-bar rule no longer prevents a respondent from challenging his adjudication after the termination of parental rights. *Id*. at ___; slip op at 18-22.

Because our prior opinion applied the *Hatcher* collateral-bar rule, our Supreme Court remanded the case to us to revisit respondent-father's challenge to his adjudication. *In re Hadd*, 931 NW2d 628 (Mich, 2019). We review "adjudication errors raised after the trial court has terminated parental rights . . . for plain error." *Ferranti*, ___ Mich at ___; slip op at 22. Respondent-father must establish that (1) an error occurred; (2) the error was clear or obvious; and (3) the plain error affected his substantial rights. *Id*.

"Due process and our court rules require a trial court to advise respondents-parents of the rights that they will waive by their plea and the consequences that may flow from it." *Id*. at ___; slip op at 23. Specifically, MCR 3.971(B)(4) requires the trial court to advise the respondent that any plea entered at the adjudicative phase may be used as evidence in subsequent hearings to terminate parental rights. Petitioner and respondent-father agree that, at the time respondent-father entered his plea, the trial court failed to advise respondent-father in accordance with MCR 3.971(B)(4).[3] Thus, plain error has been established.

The parties, disagree, however, on whether this plain error affected respondent-father's substantial rights. Respondent-father argues that the error requires this Court to vacate the trial court's order of adjudication. Petitioner disagrees, arguing that the omission was harmless because the circumstances underlying the plea were not the same circumstances that resulted in termination. Nonetheless, our Supreme Court has already rejected petitioner's proposed analysis. The *Ferranti* court noted that respondents have a due-process right to a proper adjudication, i.e., an adjudication that comports with the court rules. *Ferranti*, ___ Mich at ___;

---

[2] *In re Hadd*, 913 NW2d 329 (Mich, 2018).

[3] We note that, coinciding with the release of its opinion, the *Ferranti* court also released several amendments to the court rules, some of which appear to reinstate portions of the *Hatcher* framework. See *In re Ferranti*, ___ Mich at ___; slip op at 3-4 n 1. MCR 3.971(B)(4), however, is retained in the new rules and therefore we need not decide which version of the court rules to apply to this case.

slip op at 23. A trial court's failure to comport with MCR 3.971 when taking a plea results in a constitutionally deficient proceeding which cannot be remedied "by what might have transpired at trial." *Id*. Rather, the error results in an invalid plea which relieves petitioner of its burden to prove that the respondent is "unfit at a jury trial, with all of its due-process protections." *Id*. The constitutional deprivation affects the "very framework" within which the case proceeds and therefore affects the respondent's substantial rights. *Id*. at ___; slip op at 24.

Accordingly, because the trial court failed to advise respondent-father of the consequences of his plea in accordance with MCR 3.971(B)(4), we must vacate its order of adjudication with regard to respondent-father and remand to the trial court for further proceedings. We do not retain jurisdiction.

/s/ Patrick M. Meter
/s/ Kirsten Frank Kelly
/s/ Colleen A. O'Brien