*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re ANDERSON/ALCORN, Minors.

UNPUBLISHED
May 30, 2024

No. 368000
Genesee Circuit Court
Family Division
LC No. 21-137519-NA

Before: MARKEY, P.J., and RIORDAN and CAMERON, JJ.

PER CURIAM.

Respondent appeals as of right the trial court's order assuming jurisdiction over her minor children, SA, AYA, LA, NA, and ABA.[1] Respondent argues the trial court erred by taking jurisdiction over her minor children, because the children were not without proper care, there was no evidence of any physical abuse, and the housing issue was resolved shortly after removal. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arose out of two different complaints, about two weeks apart, of ABA being found wandering away from the home, improperly dressed and without supervision. Petitioner, the Michigan Department of Health and Human Services (DHHS) received allegations that the family's home was filthy, as were the children, the home lacked utilities, and was in a dilapidated state. Further investigation revealed the family had previous court involvement for these issues with their Tribe, the Grand Travers Band of Ottowa and Chippewa Indians Tribe, and it was suspected respondent and Alcorn withdrew from the Tribe to deprive it of jurisdiction. SA was enrolled in the Tribe, but the four younger children were not. The children were initially removed and safety planned with Alcorn's mother, but later placed in separate foster care homes.

---

[1] Eric Alcorn, the father of respondent's four youngest children, was also a respondent in the proceedings below. However, he is not a party to this appeal. SA's father was not a respondent in this case.

During the pendency of the proceedings, respondent and Alcorn moved into a small trailer, which was far away from the children's placements. Respondent and Alcorn failed to complete most of the offered services, though voluntary, and were inconsistent in visiting the children. Respondent and Alcorn also had a poor track history for appearing in court. Despite this case only being in the early stages, the trial court ultimately suspended respondent's and Alcorn's parenting time, because visits were traumatic for the children. After the adjudication, the trial court took jurisdiction over the children for the above reasons. Respondent now appeals.

## II. JURISDICTION

Respondent argues the trial court erred by taking jurisdiction over her minor children. We disagree.

### A. STANDARD OF REVIEW

"To properly exercise jurisdiction, the trial court must find that a statutory basis for jurisdiction exists." *In re BZ*, 264 Mich App 286, 295; 690 NW2d 505 (2004). "Jurisdiction must be established by a preponderance of the evidence." *Id*.; MCR 5.972(C)(1). "We review the trial court's decision to exercise jurisdiction for clear error in light of the court's findings of fact[.]" *BZ*, 264 Mich App at 295. "A finding is clearly erroneous if although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made." *In re COH, ERH, JRG, & KBH*, 495 Mich 184, 203-204; 848 NW2d 107 (2014) (quotation marks and citation omitted). "Thus, under the clear-error standard, a reviewing court should not substitute its judgment on questions of fact unless the factual determination clearly preponderates in the opposite direction." *Id*. at 204 (quotation marks and citation omitted).

### B. LAW & ANALYSIS

"Child protective proceedings are generally divided into two phases: the adjudicative and the dispositional." *In re Brock*, 442 Mich 101, 108; 499 NW2d 752 (1993). "The adjudicative phase determines whether the probate court may exercise jurisdiction over the child." *Id*. "In order to find that a child comes within the court's jurisdiction, at least one statutory ground for jurisdiction contained in MCL 712A.2(b) must be proven, either at trial or by plea." *In re SLH*, 277 Mich App 662, 669; 747 NW2d 547 (2008).

The trial court assumed jurisdiction over the children under MCL 712A.2(b)(1) and (2), which state:

(b) Jurisdiction in proceedings concerning a juvenile under 18 years of age found within the county:

(1) Whose parent or other person legally responsible for the care and maintenance of the juvenile, when able to do so, neglects or refuses to provide proper or necessary support, education, medical, surgical, or other care necessary for his or her health or morals, . . . .

\* \* \*

(2) Whose home or environment, by reason of neglect, cruelty, drunkenness, criminality, or depravity on the part of a parent, guardian, nonparent adult, or other custodian, is an unfit place for the juvenile to live in. . . .

There was ample evidence in the record demonstrating that respondent failed to provide proper care for the children. ABA was found wandering outside, unsupervised, more than once in inappropriate clothes, and respondent did not know he was gone. Indeed, when confronted with the issue, respondent blamed her older children for failing to supervise ABA properly. The children were filthy, and caseworkers testified that, after the children were removed and they spoke to SA again, his skin was visibly lighter after being able to bathe. While the children were allegedly homeschooled, they were all significantly below grade-level when they were enrolled in school after removal. Another caseworker also had to get all the children up-to-date on their medical and dental care after removal. LA and NA were born positive for cocaine and marijuana, NA and ABA had autism that had not been addressed, and either one or both of them were primarily nonverbal. Furthermore, AYA had significant trauma and PTSD from living under respondent's care. Respondent also consistently refused to consent to medically necessary medications for NA and AYA. There was clearly sufficient evidence to support the trial court's assumption of jurisdiction over the children under MCL 712A.2(b)(1). Because there was sufficient evidence under this section, we need not address MCL 712A.2(b)(2). *SLH*, 277 Mich App at 669.

Affirmed.

/s/ Jane E. Markey
/s/ Michael J. Riordan
/s/ Thomas C. Cameron

-3-